UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY MCCOMB,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION, et al.,

Defendants.

Case No. 25-cv-09591-RS (PR)

**ORDER DISMISSING THE
COMPLAINT WITH LEAVE TO
AMEND**

### INTRODUCTION

Plaintiff alleges that employees of the California Department of Corrections and Rehabilitation were negligent in treating his back pain. His 42 U.S.C. § 1983 complaint containing these allegations is now before the Court for review pursuant to 28 U.S.C. §§ 1915 and 1915A(a).

Plaintiff has not stated any claim for relief. He has not provided specific facts connecting any defendant to any wrong. Also, negligence, gross negligence, and medical malpractice are not actionable under section 1983. Accordingly, the complaint is DISMISSED with leave to file an amended complaint on or before **May 1, 2026**. The amended complaint must comply with the instructions in this order. Failure to file a proper amended complaint by May 1, 2026 will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) without further notice to plaintiff.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that since 2013 he has complained to the CDCR about his back pain, and that Dr. Ashley Mulligan-Pfile, his primary care physician, refused at some unstated time to examine his back, and "said that surgery was not an option." (Compl., Dkt. No. 8 at 3.) He alleges that it took "over 10 years" to receive an MRI. (*Id.* at 3.) He had surgery at some later unstated time, which took seven hours instead of the usual four.

United States District Court
Northern District of California

(*Id.*)  Plaintiff alleges that the CDCR's negligence resulted in avoidable nerve damage to his back.  (*Id.*)

This is insufficient to state any claim for relief.  Plaintiff has not alleged sufficient facts connecting any defendant to any wrong.  For example, he does not state when he had surgery; how having had surgery or any other treatment earlier would have prevented damage to his back; what specific treatment(s) would have been beneficial and when they should have been offered or when his request for them was denied; and what information an earlier MRI or an examination would have disclosed.  Furthermore, claims of negligence, gross negligence, and malpractice are not actionable under section 1983.  *See Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (negligence and gross negligence are insufficient to state claim for denial of medical needs to prisoner).

Plaintiff should also be aware that his claims may be untimely.  Section 1983 takes its limitations period from the forum state's statute of limitations for personal injury torts, *see Wilson v. Garcia*, 471 U.S. 261, 276 (1985), which, in California, is two years.  *See* Cal. Civ. Proc. Code § 335.1; *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). This two-year statute of limitations period is tolled for two years if the plaintiff is a prisoner serving a term of less than life, thus giving such prisoners effectively four years to file a federal suit.  *See* Cal. Civ. Proc. Code § 352.1(a).

The complaint will be dismissed with leave to amend.  In his amended complaint, plaintiff must allege specific facts tying a specific person to the exact wrong.  "A person deprives another 'of a constitutional right,' within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).  The inquiry into causation is individualized and focuses on the duties and responsibilities of each individual defendant whose acts or

United States District Court
Northern District of California

omissions are alleged to have caused a constitutional deprivation.  *Id.*  Defendants cannot be held liable for a constitutional violation under 42 U.S.C. § 1983 unless they were integral participants in the unlawful conduct.  *Keates v. Koile*, 883 F.3d 1228, 1241 (9th Cir. 2018).

## CONCLUSION

The complaint is DISMISSED with leave to file an amended complaint on or before **May 1, 2026**.  The amended complaint must include the caption and civil case number used in this order (25-09591 RS (PR)) and the words FIRST AMENDED COMPLAINT must appear on the first page.  The amended complaint must also appear on this Court's form, a copy of which will be sent to plaintiff.  Because an amended complaint completely replaces the previous complaints, plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from any prior complaint or document by reference.  Failure to file a proper amended complaint by May 1, 2026 will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

**Dated:**  March 12 , 2026

_____
RICHARD SEEBORG
Chief United States District Judge

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND
CASE No. 25-cv-09591-RS
4